WILLIAM R. TAMAYO - #084965 (CA)
JONATHAN T. PECK - #12303 (VA)
SANYA P. HILL - #18739 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5650
Fax No. (415) 356-5657

**Attorneys for Plaintiff**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

SHELLINE K. BENNETT, Bar No. 164759
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, CA 93704-2225
Telephone:   559.244.7500

AND

KATHRYN MRKONICH-WILSON, MN Bar No. 283605
HEATHER C. SHERMAN, MN Bar No. 288135
LITTLER MENDELSON, P.C.
33 South Sixth Street, Suite 3110
Minneapolis, MN 55402
Telephone:      612.630.1000
Fax Number:     612.530.9626

**Attorneys for Defendant**
**SEARS ROEBUCK AND CO.**

FILED
2004 OCT -4  A 8: 08
CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY_____
DEPUTY

LODGED
SEP 3 0 2004
CLERK, US DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

CLOSED
DATE: 10.4.04

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. CIV F-01-6251-REC TAG |
| Plaintiff, | |
| v. | **CONSENT DECREE** |
| SEARS ROEBUCK AND CO. | |
| Defendant. | |

Consent Decree

1

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sexual harassment, sex discrimination and retaliation and to make whole Margaret Castellano, Gina Trexler and Denise King aggrieved by the alleged unlawful practices. Plaintiff contends that Defendant Sears, Roebuck & Co. (hereinafter sometimes referred to as "Sears" or the "Company") unlawfully subjected Charging Parties Margaret Castellano, Gina Trexler and Denise King (collectively referred to as "Charging Parties") to sex discrimination and hostile work environment sexual harassment. Finally, Plaintiff asserts that Sears subjected Charging Party Denise King to retaliation after she alleged sex discrimination and sexual harassment.

2. Defendant denies these allegations.

3. In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Sears (hereinafter sometimes referred to as "the Parties") have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or finding on the merits of the case, and shall not be used as evidence of liability, res judicata, or collateral estoppel in any other legal proceeding against Sears.

4. This Consent Decree is final and binding upon the Parties, their successors and assigns.

5. The Parties agree that this Consent Decree resolves all claims arising out of EEOC Charge Nos. 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, 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 an 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, and the Complaint filed in this action and constitutes a complete, resolution of all claims of sex discrimination, sexual harassment, and retaliation under Title VII that were made by the Commission in this action. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charges specifically referred to in this paragraph or those that may be released by Charging Parties pursuant to this Consent Decree.

**Consent Decree**

6. This Consent Decree compromises the full and exclusive agreement between the parties with respect to the matters discussed herein, subject to separate releases signed by the Charging Parties. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by the Parties to this Consent Decree and approved by the Court or ordered by the Court.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, IT IS ORDERED, ADJUDGED AND DECREED that:

7. This Court has jurisdiction of the subject matter and of the parties to this action. This Court retains jurisdiction over this Consent Decree for all purposes until the expiration of the defendant's obligation as set forth herein.

8. This Consent Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the Parties, those for whom EEOC seeks relief and the public.

**Scope of Consent Decree**

9. The duration of this Consent Decree shall be two (2) years from the date of entry of the Consent Decree, and shall apply to Sears' Fresno, CA store location (Unit 1208), provided that defendant has complied substantially with the terms of this Consent Decree. Sears will be deemed to have complied substantially if the Court has not made any finding or orders during the term of the Consent Decree that the Company has failed to comply with any terms of this Consent Decree. During that time, this Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purposes.

////
////
////
////

Consent Decree

**General Injunctive Provision**

10. <u>Sex Discrimination and Sexual Harassment</u>. Sears and its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or preparation with them, or any of them, hereby agree not to: (a) discriminate against persons on the basis of sex in the terms and conditions of employment; (b) engage in or be a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing or intimidating any female employee on the basis of her gender; or (c) create, facilitate or permit the existence of a work environment that is hostile to female employees.

11. <u>Retaliation</u>. Sears and its officers, agents, management (including all supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, hereby agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee of Sears because he or she has in the past, or during the term of this Consent Decree: (a) opposed any practice of sex discrimination, sexual harassment or retaliation made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Sears), proceeding in connection with this case and/or relating to any claim of sex discrimination or sexual harassment; (d) was identified as a possible witness in this action; (e) asserted any rights under this Consent Decree or (f) sought and/or received any monetary and/or non-monetary relief in accordance with this Consent Decree.

**Monetary Relief**

12. As consideration, Sears agrees to pay the total sum of $82,500.00 (eight-two thousand and five hundred dollars), to be allocated to Charging Parties Margaret Castellano, Gina Trexler and Denis King. It is the express understanding of the parties that none of the Charging Parties is represented by private counsel and as such, the amounts shall be paid directly to each of them. Sears shall issue a Form 1099 as required by law for these non-wage-related payments, and the checks shall be mailed to each Charging Party, with a copy to the EEOC, postmarked within fourteen (14) calendar days following the expiration date of the revocation period that

Consent Decree

follows the date that all of the Charging Parties have signed and delivered, via facsimile or otherwise, their separate executed Releases to Sears' counsel.

13. The amount referred to in Paragraph 11 above shall be divided evenly and distributed to Charging Parties Margaret Castellano, Gina Trexler and Denise King, as set forth in Paragraph 11 above. Those Charging Parties shall each receive $27,500.00 (twenty-seven and five hundred dollars).

**Specific Injunctive Relief**

POSTING AND OTHER NOTICE TO EMPLOYEES

14. The terms of this Consent Decree shall be, and remain, posted in a clearly visible location frequented by employees at its Fresno, CA store (Unit 1208) during the terms of this Consent Decree.

15. Within six months of the date by which all signatures have been placed on this Consent Decree and each of the revocation periods for the Charging Parties' separate Releases has passed (and not been invoked), the Company shall re-issue to all current employees, supervisors and managers of its Fresno, CA store (Unit 1208) Sears' sexual harassment policy and procedure as set forth in Sears' brochure on the subject, and each such person shall be asked to sign an acknowledgment that they have received and read the policy. The same acknowledgment shall be required of all newly hired employees at the start of their employment, specifically during the terms of this Consent Decree.

16. Sears shall provide and require all current and new personnel of its Fresno, CA store (Unit 1208) to attend sex discrimination and sexual harassment training during the term of this Consent Decree, starting within six months after the entry of this Consent Decree. The purpose of said training will be to give participants a thorough understanding of sex discrimination and sexual harassment issues, including but not limited to theories of liability under Title VII, sources of legal protection of sexual harassment victims and the employer's obligation to take preventative, investigative and remedial action with respect to sexual harassment complaints and to review company policies (including discipline policies) and practices related to sex harassment, sex discrimination and retaliation. This training shall be

Consent Decree

designed and conducted with specific reference to the sex discrimination and sexual harassment policies of Sears.

17. The content, method of training and size of training classes is subject to approval by the EEOC and shall take into consideration the Company's operational needs. The Parties have agreed that management and non-management employees will be separated for purposes of said training. Sears will offer training sessions to take place during the employees' regular working hours. Sears agrees to provide a description of each training program to counsel for the EEOC during the one-month period prior to the delivery of the training. The EEOC agrees to provide any feedback regarding the content, method or size of training within 10 days after receipt, so as to allow for the timely planning and orderly delivery of training to the Fresno employees. If Sears has not received feedback within 10 days, Sears will proceed with its implementation and delivery of training.

18. All persons attending mandatory sexual harassment training shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the Company. Sears shall retain the originals of these acknowledgments, which will be made available to the EEOC upon request during the terms of this Consent Decree.

**Other Injunctive Relief**

19. The parties acknowledge that the Company no longer employs Clent Baumann. Sears and its officers, affiliates, agents, employees, successors and all persons in active concert or participation with it are hereby enjoined and restrained from hiring Mr. Baumann in any capacity, at any of its full-line retail store locations during the term of this Consent Decree. All full-line retail store locations are listed in Exhibit A, appended hereto.

////
////
////
////
////
////

Consent Decree

20. At the conclusion of this two-year Consent Decree, this lawsuit will be dismissed with prejudice, provided that Sears has complied substantially with the terms of this Consent Decree. Sears will be deemed to have complied substantially if the Court has not made any finding or orders during the term of the Consent Decree that the Company has failed to comply with any of the terms of this Consent Decree.

On Behalf of Plaintiff

ERIC DRIEBAND
General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L. Street, N.W.
Washington, D.C.

DATE: 9/15/04

WILLIAM R. TAMAYO
Regional Attorney

DATE: 9/3/04

JONATHAN T. PECK
Supervisory Trial Attorney

DATE: 9/15/04

SANYA P. HILL
Senior Trial Attorney

DATE: 9/29/04

SEARS ROEBUCK AND CO.

Steven L. Strelitz

Consent Decree

7

| | |
|---|---|
| 1 | IT IS SO ORDERED. |
| 2 | |
| 3 DATE: Oct 4, 04 | |
| 4 | *[signature]* |
| 5 | THE HONORABLE ROBERT E. COYLE |
|   | U.S. DISTRICT JUDGE |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Consent Decree**

SEARS, ROEBUCK AND CO. AND AFFILIATED COMPANIES
INVESTMENT SCHEDULE*
May 28, 2004

| A. Wholly Owned Entities | State or Country of Incorp. or Organization |
|---|---|
| A&E Lawn & Garden, LLC | Delaware |
| A&E Signature Service, LLC | Delaware |
| Banco de Credito Internacional, S.A. | Panama |
| California Builder Appliances, Inc. (52) | Delaware |
| Circle of Beauty, Inc. | Delaware |
| Community Revitalization Fund, Inc. | Delawarwc |
| CSC Retail Services, LLC | Nevada |
| Delano Logistics Services, Inc. | California |
| Delaware Moreno Development Co. | Delaware |
| Delaware Moreno Development II Company | Delaware |
| FBA Holdings Inc. | Delaware |
| Florida Builder Appliances, Inc. (52) | Delaware |
| HDC Holding Company of Delaware, Inc. (52) | Delaware |
| HO. Tysons Office Investment Co. | Delaware |
| HO Gate Investment Co. | Delaware |
| HO. Lakeland Mall Investment Co. | Delaware |
| HO Lewisville Investment Corp. | Delaware |
| HO Meriden Square Development Co. | Delaware |
| HO Simi Valley Development Co. | Delaware |
| HO Tampa Development Co. | Delaware |
| Koolvent Aluminum Products, Inc. (7) | Pennsylvania (19) |
| Laguna Hills Properties, Inc. (52) | California |
| Lands' End Direct Merchants, Inc. | |
| Lands' End Diversified Business, Inc. | |

| A. Wholly Owned Entities | State or Count of Incorp. or Organization |
|---|---|
| Sears Insurance Agency of Massachusetts, Inc. c/o LeBoeuf, Lamb et al. 260 Franklin Street Boston, MA 02110 | Massachusetts |
| Sears Insurance Services of Alabama, L.L.C. c/o The Corporation Company Suite 204 2000 Interstate Park Drive Montgomery, AL | Alabama |
| Sears Insurance Services, L.L.C. | Illinois |
| Sears Intellectual Property Management Company 3333 Beverly Road Hoffman Estates, IL 60179 | November 15, 2002 |
| Sears International (Barbados), Inc. | Barbados |
| Sears International Holdings Corp. (52) 3711 Kennett Pike Greenville, DE 19807 | Delaware |
| Sears International Marketing, Inc. (50) (52) | Delaware |
| Sears Investment Management Co. | Delaware |
| Sears Logistics Services, Inc. (35) (52) | Delaware |
| Sears Media Company, L.L.C. | Illinois |
| Sears Mexico Holdings Corp. (52) 3711 Kennett Pike Greenville, DE 19807 | Delaware |
| Sears National Bank | United States |
| Sears Overseas Finance N.V. | Netherlands Antilles |
| Sears Procurement Services, Inc. 3333 Beverly Road Hoffman Estates, IL 60179 | Illinois |
| Sears Promotions, LLC | Virginia |
| Sears Protection Company 3333 Beverly Road Hoffman Estates, IL 60179 | Illinois |
| Sears Real Estate & Company | California |
| Sears Real Estate Group, Inc. (2) | Delaware |
| Sears Reinsurance Company Ltd. | Bermuda |
| Sears Risk Management Corp. (52) | Delaware |
| Sears Roebuck Acceptance Corp. (52) 3711 Kennett Pike Greenville, DE 19807 | Delaware |
| Sears Roebuck de Puerto Rico, Inc. (52) | Delaware |

| A. Wholly Owned Entities | State or Count of Incorp. or Organization |
|---|---|
| Lands' End International, Inc. | |
| Lands' End Japan, Inc. | |
| Lands' End Media Company | |
| Lands' End, Inc. 5 Lands' End Lane Dodgeville, WI 53595 | |
| LE Promotions, LLC | Virginia |
| LRFG, LLC | |
| MaxServ, Inc. (52) 8317 Cross Park Dr. Suite 350 Austin, TX 78754 | Delaware |
| Prairie Buck II, Inc. | Delaware |
| Prairie Buck I, Inc. | Delaware |
| Print Procurement Company, LLC | |
| Private Brands, Ltd. | West Virginia |
| Sears Bankruptcy Recovery Management Services, Inc. | Delaware |
| Sears Brands, LLC | Illinois |
| Sears Buying Services, Inc. | Delaware |
| Sears Canada Holdings Corp. (52) 3711 Kennett Pike Greenville, DE 19807 | Delaware |
| Sears Carpet and Upholstery Care, Inc. | Delaware |
| Sears DC Corp. (52) 3711 Kennett Pike Greenville, DE 19807 | Delaware |
| Sears Development Co. (52) (2) | Delaware |
| Sears Direct Services LLC | Delaware |
| Sears Financial Holding Corporation (52) 3711 Kennett Pike Greenville, DE 19807 | Delaware |
| Sears Franchise Services Corp. | Delaware |
| Sears Grand, LLC | Delawre |
| Sears Home Improvement Products, Inc. (52) | |

| A. Wholly Owned Entities | State or Co of Incorp. Organiza: |
|---|---|
| SVFT, Inc. | |
| Tire Property Holding, Inc. | Delaware (19) |
| Tower Cherry Creek LLC | |
| Tower Realty Associates LLC | Delaware |
| Towngate Regional Mall Company (3) | California (12) |
| Wilkes Barre Logistics Services, Inc. | Pennsylvania |

| A. Wholly Owned Entities | State or Country of Incorp. or Organization |
|---|---|
| Sears, Roebuck Overseas, Inc. | Delaware |
| Sears Savings Bank | Utah |
| Sears Shop At Home Services, Inc. | Delaware |
| Sears Technology Services, Inc. (40) | Delaware |
| Sears Termite & Pest Control Franchise Corp. | Delaware |
| Sears Tower Management Company | Delaware (19) |
| Sears TPC, Inc. | Delaware |
| Sears Urban Renewal Associates | New Jersey |
| Sears World Trade Comercial Limitada | Brazil |
| SJC-1, Inc. | Delaware |
| SJC1, LLC | Delaware |
| SJC2 LLC | Delaware |
| S.L.H. Transport Inc. (52) 222 Jarvis Street Toronto, Ontario M5B 2B8 | Canada |
| SLRR, Inc. | Delaware |
| SMTB, Inc. 3333 Beverly Road Hoffman Estates, IL 60179 | Delaware |
| Solution Set, Inc. | Florida (19) |
| Sears Protection Company (Florida), LLC | Florida |
| SRC Depositor Corporation | |
| SRC OP Corporation | |
| SRFG, Inc. | Delaware |
| ST Holdings, Inc. | Delaware |
| Sears Termite & Pest Control II, LLC 3333 Beverly Road Hoffman Estates, IL 60179 | Delaware |
| STS Partner Corporation | New York |

```
                United States District Court
                         for the
                Eastern District of California
                       October 4, 2004
```

## * * CERTIFICATE OF SERVICE * *

                                        1:01-cv-06251

EEOC

    v.

Sears Roebuck and Co

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on October 4, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
        Sanya P Hill                        REC       TAG
        Equal Employment Opportunity Commission
        San Francisco District Office
        350 Embarcadero Street
        Suite 500
        San Francisco, CA   94105-1687

        Olga A Balderama
        Littler Mendelson
        A Professional Corporation
        5200 North Palm Avenue
        Suite 302
        Fresno, CA   93704-2225

        Kathryn Mrkonich-Wilson
        Littler Mendelson PC
        33 South Sixth Street
        Suite 3110
        Minneapolis, MN   55402

        Shannon M Magill
        Littler Mendelson PC
        33 South Sixth Street
        Suite 3110
        Minneapolis, MN   55402
```

```
Heather C Sherman
PRO HAC VICE
Littler Mendelson PC
33 South Sixth Street
Suite 3110
Minneapolis, MN  55402
```

Jack L. Wagner, Clerk

BY: _____/s/ Vasquez_____
    Deputy Clerk